UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHIMON MOALEM,

    Plaintiff(s),

v.

INTERNATIONAL SPA ASSOCIATION,

    Defendant(s).

Case No.: 2:18-cv-02341-GMN-NJK

**Order**

[Docket No. 13]

Pending before the Court is the parties' joint request to delay the proposed joint discovery plan and scheduling order pending resolution of Defendant's motion to dismiss. Docket No. 13. This request is, in reality, a stipulation to stay discovery.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery should proceed absent a "strong showing" to the contrary. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced

that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

The instant stipulation seeks a stay of discovery pending resolution of Defendant's motion to dismiss. Docket No. 13 at 3. The parties fail to address, let alone discuss, the relevant standard. *See id.* The filing of a non-frivolous dispositive motion, standing alone, is simply not enough to warrant staying discovery. *See, e.g.*, *Tradebay*, 278 F.R.D. at 603. Instead, the Court must be "convinced" that the dispositive motion will be granted. *See, e.g.*, *id.* "That standard is not easily met." *Kor Media*, 294 F.R.D. at 583. "[T]here must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Id.* (quoting *Trazska v. Int'l Game Tech.*, 2011 WL 1233298, *3 (D. Nev. Mar. 29, 2011)) (emphasis in original). The Court requires this robust showing that the dispositive motion will succeed because applying a lower standard would likely result in unnecessary delay in many cases. *Id.* (quoting *Trazska*, 2011 WL 1233298, at *4).

Given these circumstances, the parties' request to stay discovery, Docket No 13, is hereby **DENIED** without prejudice. Further, the parties are hereby **ORDERED** to file, no later than March 29, 2019, either (1) a joint proposed discovery plan; or (2) a proper request to stay discovery addressing the relevant standards.

IT IS SO ORDERED.

Dated: March 26, 2019

_____
Nancy J. Koppe
United States Magistrate Judge