**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHIMON MOALEM, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> INTERNATIONAL SPA, ASSOCIATION, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:18-cv-2341-GMN-NJK <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 6), filed by Defendant International SPA Association ("Defendant"). Plaintiff Shimon Moalem ("Plaintiff") filed a Response, (ECF No. 10), and Defendant filed a Reply, (ECF No. 11).[1] For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED**.

**I.     BACKGROUND**

This action arises from an incident that occurred at Defendant's 2018 ISPA Conference & Expo ("the Conference") in downtown Phoenix, AZ. (Compl. ¶ 5, ECF No. 1). The Conference was held between September 22, 2018, and September 24, 2018, during which professionals from the spa industry shared the latest products and services on the market. (*See id.* ¶¶ 5, 6).

Plaintiff is a businessman whose company sells cosmetic products related to the spa industry. (*Id.* ¶ 7). Upon seeing an advertisement for the Conference, Plaintiff paid the required $3,900 fee to attend. (*Id.*). According to Plaintiff, his intent was to network with other professionals "in order to generate additional business sales and product exposure . . .." (*Id.* ¶

---

[1] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

8). On September 22, 2018, Plaintiff began setting up his display booth at the Conference. (*Id.* ¶ 9). Per the Conference's policy, the purpose of the booth was only to display the products and not to sell them. (*Id.* ¶ 10). Plaintiff alleges that "[a]t no time did [he] sell, or attempt to sell, any of his products." (*Id.*).

Approximately 90 minutes after the Conference began, a manager and security guard approached Plaintiff and "loudly accused" him of violating the Conference policies by selling his products. (*Id.* ¶ 11). Despite Plaintiff's attempts to explain that he had not sold any products, Plaintiff alleges that the manger became angry and told Plaintiff to leave the area. (*Id.* ¶ 12). At this time, Plaintiff allegedly requested that the manager return Plaintiff's attendance fee. (*Id.*). Plaintiff claims that the manager denied this request and continued berating Plaintiff in front of the other attendees. (*Id.*). According to Plaintiff, the manager berated Plaintiff "in a discriminatory manner," and stated that "Israelis and Jew always cause a problem." (*Id.*). Ultimately, Plaintiff left the Conference after the manager threatened to call the police. (*See id.* ¶¶ 12, 13).

Based on these allegations, Plaintiff filed his Complaint on December 10, 2018, asserting claims for: (1) Defamation; (2) Breach of Covenant of Good Faith and Fair Dealing; and (3) Interference with Prospective Business Opportunities. (*Id.* ¶¶ 17–42). On January 28, 2019, Defendant filed the instant Motion to Dismiss for lack of subject matter jurisdiction. (Def.'s MTD, ECF No. 6).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for lack of subject matter jurisdiction. "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may take one of two forms. *Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*,

594 F.2d 730, 733 (9th Cir. 1979). It may be a "facial" challenge or it may be a "factual" challenge. *Id*. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and statute. *See United States v. Marks,* 530 F.3d 799, 810 (9th Cir. 2008). District courts have jurisdiction in two instances. First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331. Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

## III. DISCUSSION

### A. Subject Matter Jurisdiction

Defendant moves to dismiss Plaintiff's Complaint for failure to meet the amount in controversy requirement for diversity jurisdiction. (Def.'s MTD 4:15–17). In support of this argument, Defendant asserts that the Complaint alleges damages "in excess of $10,000," rather than the jurisdictional threshold of $75,000. (*Id.* 5:2–5). Defendant further asserts that the Complaint "specifically alleges" Plaintiff's damages as the "$3,900 fee he paid to have a booth at the [Conference]." (*Id.*). From these allegations, Defendant concludes that the Complaint states an amount "*less than* the $75,000 jurisdictional minimum." (*Id.* 5:5–6).

Where a claim is originally filed in federal court, the court applies the legal certainty standard in determining whether the requisite jurisdictional amount is present. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996). Under the legal certainty standard, a claim in the complaint made in good faith satisfies the jurisdictional requirement for diversity unless "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303

U.S. 283, 288–89 (1990); *see Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (holding that the amount in controversy alleged by the proponent of federal jurisdiction controls so long as the claim is made in good faith).

Here, Plaintiff raises three causes of action in his Complaint: (1) Defamation; (2) Breach of Covenant of Good Faith and Fair Dealing; and (3) Interference with Prospective Business Opportunities. (Compl. ¶¶ 17–42). For each cause of action, Plaintiff alleges damages greater than $10,000. (*Id.*).[2] Although Plaintiff references the $3,900 he paid for the conference booth, nowhere in the Complaint does Plaintiff limit his damages to this specific fee. Defendant's contention that the case definitively falls below the jurisdictional threshold therefore lacks merit. *See Sanchez*, 102 F.3d at 402.

Nonetheless, Defendant is correct that Plaintiff fails to sufficiently plead the amount in controversy. "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . .." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1189 (9th Cir. 1970) (citing *Smith v. McCullough*, 270 U.S. 456, 459 (1926)). Thus, in order to invoke the Court's diversity jurisdiction, a plaintiff must in good faith allege that the amount in controversy exceeds the jurisdictional minimum. *See Circus Circus Enters.*, 231 F.3d at 1131; *Union Pac. R. Co. v. Zurich Am. Ins. Co.*, No. 3:10–CV–00410–RCJ, 2010 WL 4983466, at *2 (D. Nev. Nov. 30, 2010).

In the Complaint, Plaintiff alleges damages greater than $10,000 for each of his three causes of action. (*See id.* ¶¶ 17–42). Even assuming these damages are cumulative, Plaintiff at most asserts damages in excess of $30,000, which does not necessarily exceed the required $75,000 threshold. *Circus Circus Enters.*, 231 F.3d at 1131. Plaintiff's Complaint is therefore

---

[2] Under Plaintiff's claim for "Breach of Covenant of Good Faith and Fair Dealing," Plaintiff alleges the damages as exceeding "$10,000,000." In the context of the Complaint, as well as Plaintiff's Response to the instant Motion, the Court understands this figure to be a typo meant to read "$10,000.00."

facially insufficient to invoke the Court's diversity jurisdiction.  The Court grants Defendant's Motion to Dismiss on this basis.[3]

### B. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000).  Here, the Court finds that Plaintiff may be able to plead in good faith the requisite amount in controversy.  Accordingly, the Court grants Plaintiff leave to file an amended complaint correcting the jurisdictional issue discussed herein.  Plaintiff shall file his amended complaint within 21 days of the date of this Order.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 6), is **GRANTED**.  Plaintiff's Complaint is dismissed **without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff shall have 21 days from the date of this Order to file an amended complaint.  Failure to file an amended complaint by this date shall result in the Court dismissing this action.

**DATED** this __11__ day of August, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[3] In his Response, Plaintiff asserts that a federal question may arise during the discovery process. (Resp. 7:2–12, ECF No. 10).  In order to invoke federal question jurisdiction, however, a federal question must appear on the face of the complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plaintiff's contention is therefore insufficient to establish an alternate basis for the Court's jurisdiction.