**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHIMON MOALEM, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:18-cv-02341-GMN-NJK |
| vs. | ) |
| | ) **ORDER** |
| INTERNATIONAL SPA ASSOCIATION, | ) |
| | ) |
| Defendant. | ) |

Pending before the Court is Defendant International Spa Association's ("Defendant's") Motion for Summary Judgment, (ECF No. 21). Plaintiff Shimon Moalem, ("Plaintiff"), filed a Response, (ECF No. 26), and Defendant filed a Reply, (ECF No. 28). For the reasons discussed below, Defendant's Motion for Summary Judgment is **DENIED without prejudice as unripe**.

This case commenced on December 10, 2018, upon Plaintiff's filing of the Complaint, (ECF No. 1). On January 28, 2019, Defendant filed the Motion to Dismiss, alleging that the Court did not have subject matter jurisdiction over the action because the Complaint did not plead the jurisdictional minimum amount in controversy required under 28 U.S.C. § 1332. (Mot. Dismiss 3:12–5:12). With the Motion to Dismiss pending, the parties submitted, and the Court approved, the Scheduling Order, (ECF No. 17). The Scheduling Order established August 26, 2019, as the deadline to file dispositive motions. (*Id.* ¶ 4).

On August 11, 2019, the Court granted Defendant's Motion to Dismiss, (Order, ECF No. 20). The Order dismissed the Complaint without prejudice and provided Plaintiff twenty-one days from the entry of the Order to file an Amended Complaint to correct the deficient pleading of subject matter jurisdiction. (*Id.* at 5:11−15). Assuming that Plaintiff would so file an amended complaint, but before any operative complaint had been filed, Defendant filed the

Motion for Summary Judgment on August 26, 2019, which responds to the merits of the Complaint that had been dismissed. (Mot. Summary Judgment ("MSJ"), ECF No. 21). Defendant explains that it filed the Motion in order to comply with the Scheduling Order's deadline to file dispositive motions. (MSJ Reply 3:3–4, ECF No. 28). On August 27, 2019, Plaintiff filed the Amended Complaint. (Am. Compl., ECF No. 23).

The Court is not convinced that it may grant a motion for summary judgment filed prior to an operative complaint, and it therefore denies Defendant's Motion. A Court generally cannot grant a motion for summary judgment when the subject complaint has already been dismissed. *Cf. Donell v. Braun*, 546 F. Supp. 2d 1013, 1016 (D. Nev. 2008) (denying defendant's motion for summary judgment as moot after granting its motion to dismiss for failure to properly plead subject matter jurisdiction and personal jurisdiction). Defendant could have sought an extension of the Scheduling Order's deadline under Federal Rule of Civil Procedure 16(b)(4) because it was not possible to file a timely dispositive motion within the deadline established by the Scheduling Order. *See* Fed. R. Civ. P. 16(b) (allowing amendment to the scheduling order for "good cause"); *see also Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012) ("good cause may be found where the moving party shows . . . that it is unable to comply with the scheduling order's deadlines . . . ."). Given that Defendant diligently filed its Motion to comply with the Court's deadline, the Court will provide Defendant the opportunity to refile a motion for summary judgment regarding the Amended Complaint. *Cf. Gundy v. Cal. Dep't of Corr. & Rehab.*, No. 1:12–cv–1020–MJS, 2014 U.S. Dist. LEXIS 10455 at *6 (E.D. Cal. 2014) (Modifying the scheduling order *sua sponte* to allow leave to amend for good cause).

//

//

//

1  Accordingly,

2  **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, (ECF
3  No. 21), is **DENIED without prejudice as unripe**.

4  **IT IS FURTHER ORDERED** that the Court *sua sponte* amends the Scheduling Order,
5  (ECF No. 17), for good cause. The parties shall have twenty-one (21) days from the date of
6  this Order to file motions for summary judgment regarding the Amended Complaint.

7  **DATED** this __13__ day of January, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court